SUCESIÓN ALMAZÁN, DEMANDANTE Y APELADA, *v.* LÓPEZ ET AL.,
DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 1ª., en un caso sobre nulidad de contratos e indem-
nización de perjuicios.

No. 1053.—Resuelto en junio 4, 1914.

ACCIÓN RESCISORIA—ENAJENACIÓN EN FRAUDE DE ACREEDORES—ALEGACIONES
ESENCIALES DE LA DEMANDA.—En una acción rescisoria de enajenación en
fraude de acreedores es indispensable que en la demanda se alegue: 1, que
el demandado es realmente deudor del demandante; 2, que el demandado
enajenó sus bienes en fraude de su acreedor; 3, que el demandante ha sido
perjudicado por tal enajenación, y 4, que el demandante no tiene otro recurso
legal para obtener la reparación del perjuicio sufrido que pedir la rescisión
del contrato de enajenación. Examinada la demanda en este caso, *se resolvio*
que contenía las anteriores alegaciones.

ID.—PRUEBAS—SENTENCIA DICTADA CONTRA EL DEUDOR DESPUÉS DE ENTABLADA
LA ACCIÓN RESCISORIA.—No constituye error el admitir como prueba en una
acción rescisoria de enajenación en fraude de acreedores, copia de la sen-
tencia dictada en otro pleito distinto contra el deudor, con posterioridad a
la radicación de la demanda de acción rescisoria y condenándolo al pago de
la deuda, pues lo esencial es que en realidad el demandante en la acción
rescisoria sea acreedor del demandado al tiempo de entablar la acción y no
que tenga su crédito reconocido por sentencia.

ID.—ENAJENACIÓN EN FRAUDE DE ACREEDORES—PRUEBA DEL FRAUDE.—Para que
proceda la rescisión de una enajenación por ser en fraude de acreedores,
no basta que se haya probado la verdad de la deuda entre demandante y
demandado, sino que es indispensable la prueba de la existencia del fraude.
Analizadas las pruebas en este caso, *se resolvió* que no demostraban la exis
tencia del fraude.

Los hechos expresados en la opinión.
Abogado de la apelada: *Sr. Henry G. Molina.*

Abogado del apelante Víctor López Nussa: *Sr. José Martínez Dávila.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación contra sentencia de la Corte de Distrito de San Juan, Sección 1ª., declarando rescindido cierto contrato de compraventa.

En la demanda enmendada, se alega, en resumen:

1. Circunstancias personales y capacidad de las partes para demandar y ser demandadas. 2. Que el demandado Salvador López es en deber al demandante la suma de $353.58. 3. Que el dicho demandado Salvador López sólo era dueño de cierta finca rústica que se describe en el hecho 5 y que en la actualidad no tenía bienes en la Isla de Puerto Rico. 4. Que por herencia de su padre, adquirió el dicho demandado Salvador, una octava parte proindivisa en la finca de que se trata. 5. Que por virtud de escritura de 11 de julio de 1910 otorgada ante el Notario Francisco de la Torre, los herederos de Don Ramón V. López, en cumplimiento de un acuerdo para el reparto de la herencia, transfirieron al demandado Salvador López una cuarta parte proindivisa de la finca que se describe. 6. Que el 22 de julio de 1910 el demandado Víctor López obrando como apoderado de su hermano el demandado Salvador, traspasó el poder para vender que de éste tenía a José Pérez Guerra, y obtuvo que José Pérez Guerra le transfiriera la cuarta parte de la propiedad antes descrita por la suma declarada de $500. 7. Que los dichos $500 no fueron nunca entregados a Salvador López, ni a su apoderado sustituto José Pérez Guerra; que nunca hubo intención de pagar tal suma, habiéndose llevado a cabo el contrato con el solo y ostensible propósito de defraudar en su derecho al demandante.

La súplica de la demanda es como sigue:

"Por todo lo cual el demandante suplica a la corte declarar que la escritura otorgada en 20 de julio de 1910 por la cual Salvador

López Nussa vendió su interés de la cuarta parte de la propiedad aquí descrita, sea rescindida, nula y sin ningún valor ni efecto y que la inscripción de la misma en el registro de la propiedad sea cancelada; que el interés de la cuarta parte de la propiedad que pertenecía a Salvador López Nussa sea vendida por el márshal de esta corte y que de su producto se pague al demandante la suma de 363 dollars 48 centavos con intereses al seis por ciento desde el once de enero de 1908 y las costas de la acción que para cobrarlos se siguió en la Corte Municipal de San Juan; y que ambos demandados aquí sean condenados por los daños y perjuicios ocasionados al demandante como resultado de la transacción fraudulenta antes descrita, al pago de una indemnización de trescientos dollars como honorarios de abogado y las costas de esta acción.''

Los demandados excepcionaron la demanda por ininteligible y dudosa y por no aducir hechos suficientes para determinar una causa de acción. Las excepciones se declararon sin lugar por la corte y entonces los demandados contestaron en la siguiente forma:

1. Aceptan el hecho primero de la demanda. 2. Niegan el hecho segundo tal como aparece redactado y alegan que lo cierto es ''que el demandante obtuvo una sentencia contra el demandado Salvador López Nussa por la suma de trescientos cincuenta y tres dollars cincuenta y ocho centavos en diciembre del año mil novecientos once; o sea posteriormente a la fecha en que se radicó la demanda en este caso.'' 3. Niegan el hecho tercero de la demanda. 4. Aceptan los hechos 4, 5 y 6 de la demanda. 5. Niegan el hecho 7 de la demanda.

Celebrada la vista, la corte dictó sentencia declarando rescindido el contrato de venta a que se refiere la demanda, con las costas a los dichos demandados. Y estos interpusieron entonces el presente recurso de apelación.

En su alegato los apelantes sostienen que la corte erró al permitir al demandante que enmendara su demanda suprimiendo cierta alegación. En la primitiva demanda se alegó que el demandado Víctor López había prometido pagar a Almazán la deuda de su hermano Salvador. En la demanda

enmendada se suprimió tal alegación. Y los apelantes sostienen que siendo jurada la primitiva demanda y tratándose como se trataba de un hecho importante demostrativo de que la parte demandante tenía otro medio de cobrar la deuda fuera de su acción de rescisión, la corte debió haber rechazado la demanda enmendada. Sin embargo esta cuestión carece de importancia si se considera que la alegación suprimida tal como estaba redactada y examinada en relación con las otras de la demanda, podía interpretarse en el sentido de que la promesa hecha por Victor López a Almazán, lo fué como apoderado de su hermano y no con el propósito de convertirse él personalmente en el verdadero deudor.

El segundo señalamiento de error se refiere al cometido por la corte, a juicio de los apelantes, al no declarar con lugar la excepción de falta de causa de acción formulada contra la demanda enmendada.

La acción ejercitada en este caso es la de rescisión de un contrato de venta de un condominio de cierta finca rústica y está basada evidentemente en el párrafo 3 del artículo 1258 del Código Civil que prescribe que son rescindibles los contratos celebrados en fraude de acreedores, cuando éstos no puedan de otro modo cobrar lo que se les deba.

Examinado dicho precepto legal en relación con el artículo 1261 del propio cuerpo legal que dispone que la acción de rescisión es subsidiaria y no podrá ejercitarse sino cuando el perjudicado carezca de todo otro recurso legal para obtener la reparación del perjuicio es indudable que en una acción de la naturaleza de la ejercitada en este caso debe aparecer de la demanda: *a*, que el demandado es realmente deudor del demandante; *b*, que el demandado enajenó sus bienes, en fraude de su acreedor; *c*, que el demandante ha sido perjudicado por tal enajenación, y *d*, que el demandante no tiene otro recurso legal para obtener la reparación del perjuicio sufrido, que pedir la rescisión del contrato de enajenación.

Aun cuando la demanda pudo haberse redactado en forma más clara y precisa, es lo cierto que leída cuidadosamente

se encuentra que contiene todos los requisitos especificados en el párrafo anterior y que por tanto al desestimar la excepción previa de que se ha hecho mérito, la corte de distrito no cometió el error que se le atribuye.

El tercero de los señalamientos de error hace referencia al cometido por la corte, a juicio de los apelantes, al admitir ciertos autos civiles como prueba. En el acto de la vista la parte demandante presentó como prueba el récord del pleito civil No. 3241 seguido por almazán contra Salvador López, en cobro de dinero, y la copia de la sentencia dictada condenando al demandado a pagar al demandante la suma reclamada. La objeción de los demandados se basó en que la sentencia se había dictado después de presentada la demanda en este pleito de rescisión.

A nuestro juicio la corte sentenciadora no cometió el error señalado. No se necesita que el demandante sea acreedor con su crédito reconocido por sentencia antes de comenzar el pleito de rescisión. Lo que se necesita es que en realidad de verdad sea un acreedor legítimo del demandado. Si su crédito estaba reconocido por sentencia al comenzarse el pleito de rescisión, o lo fué durante el curso del mismo, será una circunstancia más demostrativa del derecho del demandante, pero de la cual hubiera podido prescindirse, limitándose el demandante a alegar y probar en el mismo pleito de rescisión su condición de acreedor del demandado.

El cuarto señalamiento de error se refiere al cometido, a juicio de los apelantes, por la corte de distrito al apreciar la prueba y concluir que sostiene las alegaciones de la demanda.

La prueba de la parte demandante consistió: 1, en copia de la escritura No. 102, de 22 de julio de 1910, por virtud de la cual Salvador, Mariano y Rafael López Nussa vendieron a su hermano Víctor sus participaciones adquiridas por herencia de su padre Don Ramón, en una finca rústica radicada en el barrio de Palmas, Bayamón, compuesta de seis cuerdas y 34 céntimos de otra; 2, en los autos originales del pleito

seguido por Almazán contra Salvador López en cobro de
pesos, en el cual se dictó sentencia contra López el 23 de no-
viembre de 1911, y 3, en la de declaración de Doña Micaela
Nussa, viuda de López, madre de los demandados, prestada
a los efectos de reconocer las siguientes cartas que desde la
Habana, Cuba, le escribiera su hijo Salvador, a saber (*a*)
una fechada el 8 de agosto de 1911, en la cual dice: "*   *   *
mucho siento los dolores de cabeza que te está dando la venta
de *mis dominios*. Víctor me escribe y anuncia el envío de
$250 que espero recibir de un momento a otro   *   *   *'';
(*b*) otra, de agosto 15, 1911, en la cual dice: "*   *   *. No
he recibido más noticias de Víctor y desde luego los fondos
tampoco. Sentiría tener que pensar que quiera hacerme una
mala pasada; veremos   *   *   *''; (*c*) otra de agosto 1011,
en la cual dice: "*   *   *. No he tenido más noticias de Víc-
tor y ya no las espero; parece mentira que se proceda de
esa manera con quien jamás le ha hecho ningún daño
*   *   *''; (*d*) otra de septiembre 3, 1911, en la cual dice:
"*   *   * Víctor al fin resolló y nos envía $20, que me saca
del atolladero perentorio en que me encuentro. Le digo que
necesito en seguida $100, que de seguro no mandará, a pesar
de que no le costaría gran trabajo el conseguirlos   *   *   *''
y (*e*), otra de fecha septiembre 26, 1911, en la cual dice:

"Mi querida mamá: Tengo el gusto de referirme a tu grata del
11. Por lo que me dices deduzco que las cosas han pasado tal y como
te indicaba en mi anterior respecto de la venta de los terrenos, en
cuyo asunto estuvo Rafael más afortunado que yo. Qué le vamos a
hacer. No tengo más remedio que tener paciencia y esperar los acon-
tecimientos. Ahora me dice Víctor que Almazán nos ha demandado
a él y a mí por falta de cumplimiento en una oferta que dice Víctor
le hizo y pide se anule la venta que le hice de los terrenos por que
alega que él sabía que yo le debía una cantidad antes de hacer la
operación conmigo. El abogado de Víctor dice que no tiene razón
alguna y que nada conseguirá, pero no sé menos que habrá que pa-
garle la defensa y quién sufrirá las consecuencias seré yo, pues por de
pronto la remesa que pensaba hacerme este mes ya me anuncia que
no podrá efectuarla por atender a los gastos de la demanda. Todas

son calamidades por haber procedido Víctor informalmente pues si a su debido tiempo hubiera pagado a Almazán los $100 que le ofreció en mi nombre, nada de esto ocurriría. Paciencia y adelante.''

También reconoció la testigo otra carta dirigida por su hijo Salvador al Sr. Almazán, desde la Habana, el 14 de febrero de 1910, que dice así:

''Estimado amigo: Oportunamente fuí favorecido por su grata de 28 de diciembre último, que no había contestado por traspapelación, lo que se servirá dispensar. Con la misma recibí extracto de mi cuenta que no he podido examinar pero que desde luego considero de conformidad. Solamente tengo una pequeña participación en el ''Palmar'' que he arrendado gratis a mi hermano Víctor por cinco años desde principios de enero ppdo. Ello me priva de poder hacer negociación alguna con ella, lo que es un gran pesar para mí pues estoy muy apesadumbrado y avergonzado de no haber podido cumplir con Ud. que tan bondadosa y oportunamente me ayudó. De momento apenas gano para cubrir nuestras perentorias necesidades viviendo con estrechez pero tengo alguna perspectiva en una casa americana en que he empezado a trabajar y aunque sea poco a poco, espero en breve empezar a hacerle alguna remesa.''

Esa fué, en resumen, toda la prueba practicada por la parte demandante. A nuestro juicio, no demuestra que la venta del condominio a que se refiere la demanda, se hiciera con el solo y ostensible propósito de defraudar en su derecho al demandante.

Por la escritura de 22 de julio de 1910, no sólo vendió el demandado Salvador su condominio a su hermano Víctor, si que también le vendieron los suyos sus otros hermanos Mariano y Rafael. Si se trataba simplemente de un contrato simulado entre Salvador y Víctor para defraudar a Almazán, no se explica la intervención de Mariano y Rafael.

Las cartas de Salvador a su madre Doña Micaela, no revelan la existencia de una combinación con su hermano para defraudar a Almazán. En la de 8 de agosto de 1911, le habla de la *venta de sus dominios* y del anunciado envío por parte de Víctor de la suma de $250. No se establece con toda claridad la conexión que esta suma pueda tener con el precio de

la venta, para si se examinan las otras cartas, se verá que producen la impresión de que la venta se realizó en efecto consignándose en la escritura "por valor recibido," pero sin que el comprador llegara a pagar al vendedor el precio o al menos la totalidad del mismo, y que, por tanto, los dichos $250 los debía aún Víctor a Salvador con motivo de la venta.

Es indudable que Almazán probó que el demandado Salvador López Nussa le debía la cantidad reclamada. Para el demandado Salvador López Nussa sólo existe un camino recto en este caso: pagar su deuda. Pero la verdad del crédito del acreedor y el deber del deudor, no son suficientes por sí solos para justificar la rescisión de un contrato de venta otorgado entre el deudor y otra persona. Ya hemos establecido los requisitos necesarios para la rescisión de los contratos celebrados en fraude de acreedores. La existencia del fraude es absolutamente necesaria y, como ya hemos visto, no se ha demostrado en este caso.

En tal virtud, debe declararse con lugar el recurso, revocarse la sentencia apelada y dictarse otra desestimando la demanda sin especial condenación de costas.

> *Revocada la sentencia apelado y desestimada la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.