ANGEL MARTÍNEZ NORIEGA, demandante y apelado, *v.* SUCRS. DE COSÍO & PRIMO y ENRIQUE NORIEGA, demandados y apelantes.

No. 4026.—*Visto:* Abril 19, 1928. *Resuelto:* Mayo 31, 1928.

*C. R. Colón,* abogado de la apelante Sucs. de Cosío & Primo; *Agustín E. Font,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La mercantil Sucrs. de Cosío & Primo demandó el 13 de octubre de 1925 a Enrique Noriega para que le pagase la

cantidad de $992.88 como balance a su favor de una cuenta corriente con él tenida, y para asegurar la efectividad de la sentencia hizo que el márshal embargase el 21 de enero de 1926 cincuenta y cinco sacos de café que estaban en una casa de la finca "Los Cocos," radicada en el barrio Pellejas del pueblo de Adjuntas.

Después de ese embargo, Angel Martínez Noriega radicó demanda de tercería alegando que ese café es de su propiedad por haber sido producido por la expresada finca, que le compró a Enrique Noriega por escritura pública de 1º. de julio de 1911 inscrita en el registro de la propiedad pocos días después.

Admitió la mercantil demandada en tercería Sucs. de Cosío & Primo que el café es producto de dicha finca, pero alegó como defensa que pertenece a Enrique Noriega porque la venta hecha por éste a Martínez de la finca en 1911 es simulada, falsa y verificada para defraudar Enrique Noriega a sus acreedores.

Celebrado el juicio la corte de distrito declaró con lugar la demanda de tercería con los demás pronunciamientos consiguientes, y contra ella interpuso la expresada mercantil este recurso de apelación.

Aunque la parte apelante alega muchos errores contra las manifestaciones hechas por la corte inferior para fundar su sentencia podemos prescindir de ellos, porque aunque fueran sostenibles no producirían la revocación de la sentencia apelada ya que ésta debe ser confirmada por el motivo que pasamos a exponer.

La cuestión fundamental en este litigio es si Enrique Noriega vendió la finca "Los Cocos" para defraudar a su acreedora Sucrs. de Cosío & Primo.

Según el artículo 1258, No. 3, del Código Civil, son rescindibles los contratos celebrados en fraude de acreedores cuando éstos no puedan de otro modo cobrar lo que se les deba; y según el artículo 1261 la acción rescisoria es subsi-

diaria y no podrá ejercitarse sino cuando el perjudicado carezca de todo otro recurso legal para obtener la reparación del perjuicio. Por esto, estando esa acción rescisoria concedida por la ley al acreedor para obtener la nulidad de la venta hecha por su deudor condicionada por el hecho de que no pueda de otro modo cobrar lo que se le deba, y no pudiendo ser ejercitada sino cuando el perjudicado carezca de otro recurso legal para obtener la reparación del perjuicio, es necesario que tales alegaciones se hagan en la demanda, según ha declarado este tribunal en los casos de *Sucesión Almazán* v. *López,* 20 D.P.R. 537; *Vázquez* v. *Martínez* y *Orsini* v. *Comas,* 10 D.P.R. 454 y 282; y *Domenech* v. *Rola,* 9 D.P.R. 96. Por consiguiente siendo esas alegaciones necesarias tienen que ser probadas para que un acreedor pueda obtener la rescisión de una venta hecha por su deudor.

Hemos examinado la extensa prueba practicada en el juicio y no encontramos que el apelante haya probado que la venta de la finca "Los Cocos" hecha por Noriega en 1911 tenía por objeto defraudar a sus acreedores y que éstos no podían cobrar entonces de otro modo lo que se les debía; y por el contrario resulta que en la expresada fecha él tenía otras fincas, una que vendió más tarde a Guillermo Colón y otra que le fué rematada años después por Armstrong; por lo que existiendo esos bienes cuando él vendió al tercerista la finca "Los Cocos" en 1911, no puede declararse que su acreedor no pudiese cobrar su crédito sino obteniendo la rescisión de tal venta. Además, de la prueba también resulta que Cosío & Primo, cuyos créditos adquirió su sucesora apelante, no eran acreedores de Enrique Noriega en 1°. de julio de 1911, cuando fué hecha la venta cuya rescisión se interesa, pues habiendo empezado la cuenta corriente entre Noriega y Cosío & Primo el 11 de mayo de ese año con una pequeña compra de $8.50, esa cantidad fué pagada por Noriega el día 24 del mismo mes y año según aparece de los libros de dicha mercantil; cuenta que no volvió a tener

movimiento hasta el 5 de julio de 1911 cuando ya había sido vendida la finca "Los Cocos," y fué balanceada el 30 de septiembre del mismo año con un saldo a favor de la mercantil ascendente a $198.84. También resulta de las pruebas que después de 1911 Cosío & Primo y Enrique Noriega continuaron en transacciones mercantiles en cuenta corriente por algunos años, lo que indica que para dicha mercantil no era Noriega insolvente en esas fechas. Y por último aparece de la prueba que Enrique Noriega fué un comerciante fuerte con cuentas corrientes con varias casas comerciales hasta algunos años después del 1911.

No apareciendo, pues, que Cosío & Primo, antecesora de la apelante, fuera acreedora de Enrique Noriega cuando éste vendió su finca "Los Cocos" en 1º. de julio de 1911; y apareciendo que al verificarse esa venta le quedaron otros bienes a Noriega, no puede sostenerse que la venta de la finca fué hecha en 1911 para defraudar al acreedor Cosio & Primo, por lo que no puede decretarse la rescisión de dicha venta, y *la sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Texidor no intervino.