Sucesión de Andrew Peter Drew, demandante y apelante, *v.* Arturo Pinto, Ignacio Valderrama Rodríguez y Lee H. Vending, demandados y apelados.

No. 6939.—*Sometido:* Febrero 13, 1936. *Resuelto:* Febrero 14, 1936.

580

*Luis Mendín Sabat,* abogado de la apelante; *Severo O'Neill Torres,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se trata de una sentencia dictada sobre las alegaciones en contra de la parte demandante, que recurrió de ella para ante este tribunal alegando que la corte sentenciadora erró al decidir que la demanda no aducía hechos suficientes constitutivos de causa de acción, mal interpretando la jurisprudencia de este tribunal aplicable a la cuestión envuelta en el litigio.

La demanda establece dos causas de acción.

Para sostener la primera se alega, en resumen, que el 5 de noviembre de 1931 la Corte de Distrito de Arecibo dictó sentencia en un pleito seguido por el demandado Pinto contra la demandante, imponiéndole las costas; que en noviembre 9, 1931, la demandada en aquel pleito, demandante en éste, obtuvo una orden de aseguramiento de la sentencia que cumplimentó el márshal embargando los únicos bienes que Pinto tenía adquiridos por compra a Lee H. Vending en 1925 y 1928, consistentes en dos solares que se describen debidamente, anotándose el embargo en el registro de la propiedad, que en marzo 9, 1934, la Corte de Distrito de Arecibo aprobó en el repetido pleito el memorándum de costas ascendente a $1,122.50; que el márshal vendió en pública subasta la propiedad embargada, adjudicándosela a la demandante, constando la adjudicación en escritura pública otorgada en mayo 25, 1934; que Pinto realizó en 1931 y 1932 varios actos que se especifican actuando como dueño de la propiedad embargada y adjudicada a la demandante; que los demandados Pinto y Valderrama conspirando para defraudar a la deman-

dante sorprendieron la buena fe del otro demandado Vending y lograron que éste otorgara una escritura pública en, julio 1, 1931, que se inscribió en el registro de la propiedad, por virtud de la cual Vending aparece vendiendo a Valderrama como un solo solar los dos que ya había vendido desde 1925 y 1928 a Pinto; y que la demandante ha sido perjudicada por esa enajenación fraudulenta, está impedida de entrar en la posesión material de sus bienes y no tiene otro remedio para obtener la reparación, de los perjuicios sufridos que pedir como pide la rescisión de la misma.

Para sostener la segunda causa de acción se reproducen los hechos alegados en la primera y se alega además que los actos realizados por los demandados impidiendo a la demandante el disfrute de sus bienes, le han ocasionado perjuicios por valor de mil dólares.

Los demandados excepcionaron la demanda y su excepción fué declarada con lugar, dictándose sentencia por tratarse de una demanda que ya había sido enmendada y que no podía serlo nuevamente a juicio de la corte. Y fué contra esa sentencia pronunciada en noviembre 6 de 1934, que se interpuso el presente recurso de apelación.

En la resolución fundada que sirve de base a la sentencia, expone cuidadosamente el juez sentenciador los hechos de la demanda, los ordena, y dice:

"Vistas estas seis alegaciones fundamentales, según han sido expuestas, podría concluirse, prima facie, que las mismas dan vida y esencialidad jurídica a una causa de acción rescisoria de contrato en fraude de acreedores, puesto que dentro de estas seis alegaciones están contenidos los cuatro requisitos esenciales determinados por nuestro Tribunal Supremo en el caso de *Sucn. Almazán* v. *López et al.,* supra, (20 D.P.R. 537) para que una demanda de esta naturaleza aduzca hechos."

Pero agrega poco después:

" . . . de las mismas alegaciones surge que el contrato de enajenación calificado de fraudulento fué otorgado el día primero de julio de 1931, mediante escritura pública; mientras que la sentencia que convirtió a los actores en acreedores de Arturo Pinto fué dic-

582

tada el día 5 de noviembre de 1931. Es decir, que la enajenación fué verificada cuatro meses antes de rendirse el fallo que convirtió a Pinto en deudor de la sucesión demandante. Y si ello es así, es claro, como la luz meridiana, que la demanda no aduce hechos suficientes para determinar la causa de acción que pretende ejercitarse, porque entonces no existe el primer requisito exigido por la ley y la jurisprudencia, cual es: que el demandado sea realmente deudor del demandante al tiempo de verificarse la enajenación fraudulenta.

.    .    .    .    .    .    .    .    .    .    .

"En el caso de *Congress Cigar Co.* v. *Cabrera,* 45 D.P.R. 183, nuestro Tribunal Supremo se expresó así: 'Cualquier vicio que puedan tener actos o contratos cuya declaración de nulidad se interesa en nada pueden afectar a una persona que, además de no haber intervenido en ellos no tenía acreencia alguna contra uno de los contratantes a la fecha en que aquéllos tuvieron lugar, por lo que tal persona carece de causa de acción para anularlos mediante acción por el fundamento de que se otorgaron con el propósito de defraudarla.' Congress Cigar Co. v. Cabrera, supra.

"Respecto a la segunda causa de acción, en resarcimiento de daños y perjuicios, el juzgador se cree relevado de razonar su decisión desestimándola, a virtud de que, dependiendo . . . de la fortaleza y eficacia de la primera y habiendo decidido ya que ésta es frívola y no aduce hechos suficientes para constituirla, . . . huelga que entremos en el estudio y análisis de la misma."

Bastará decir que a nuestro juicio la jurisprudencia fué correctamente aplicada a los hechos del caso, debiendo en tal virtud declararse sin lugar el recurso y *confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.