José Nine, demandante y apelado, *v.* Los Esposos José Avilés y María Brunet, Maximino Brunet y los menores Jesús y Luis Avilés Brunet, representados por su padre José Avilés, demandados y apelantes.

Núm. 7419.—*Sometido:* Enero 19, 1938. *Resuelto:* Julio 13, 1938.

*Virgilio Brunet,* abogado de los apelantes; *Pascasio Fajardo Martínez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La determinación de cuál es el remedio adecuado para dejar sin efecto un traspaso fraudulento ha sido a veces causa de confusión entre los abogados. Tanto la acción de nulidad como la de rescisión han sido usadas para lograr dicho propósito. Nuestro Código Civil, en su artículo 1243,

edición de 1930, ha establecido expresamente la acción rescisoria, al disponer:

"Artículo 1243. Son rescindibles:

" . . . . . . . . .

"3. Los celebrados en fraude de acreedores, cuando éstos no puedan de otro modo cobrar lo que se les deba."

■ A pesar de esta disposición el presente recurso envuelve un caso en que la demanda se intitula como una de "Nulidad". Su mera lectura, sin embargo, demuestra inmediatamente que el único propósito de la acción fué dejar sin efecto unos traspasos fraudulentos. Bajo la jurisprudencia de esta corte, el título erróneo de un litigio no es suficiente motivo para derrotar la reclamación del demandante si sus alegaciones claramente aducen una completa causa de acción.

■ De las alegaciones y de la evidencia la situación parece ser la siguiente. José Nine, el apelado, había hecho varios préstamos esporádicos de dinero a los esposos José Avilés y María Brunet durante un período de tiempo que precedió al mes de abril de 1930. Parte de ellos habían sido satisfechos pero en abril 30 de 1930, los deudores, que aún debían $230, suscribieron un pagaré por dicha suma que vencería dos años más tarde, en el cual María Brunet se obligaba principalmente y su esposo se obligaba como fiador y además como principal. La responsabilidad asumida era solidaria.

El 10 de abril de 1930 María Brunet y su esposo José Avilés, por escritura notarial, traspasaron el título de una casa que, de acuerdo con el demandante, constituía su único capital para aquel entonces, a un hermano de María Brunet llamado Maximino Brunet, por la suma de $800, valor recibido antes de dicha fecha. Al siguiente día Maximino Brunet traspasó la misma casa por vía de donación a sus sobrinos Jesús y Luis Avilés Brunet, hijos menores de los deudores.

En 1932 José Nine radicó un pleito para recobrar los $230 arriba mencionados, obtuvo sentencia a su favor, y ejecutó la misma sobre la casa que él suponía pertenecía a

los demandados en dicho caso. Después de la adjudicación descubrió que el título de la casa había sido transferido a los hijos menores de los deudores, en la forma ya expuesta, y en su consecuencia instó la presente acción para que se dejaran sin efecto dichos traspasos como fraudulentos.

Se declararon sin lugar una moción eliminatoria y una excepción previa, el caso fué a juicio, y la corte inferior dictó sentencia en los siguientes términos:

"La Corte, en el día de hoy, después de haber considerado las pruebas practicadas en este caso por ambas partes es de opinión que la ley y los hechos en esta controversia están a favor del demandante y contra los demandados esposos José Avilés y María Brunet y Maximino Brunet y sus hijos Jesús y Luis Avilés y Brunet por la que declara nula y sin valor ni efecto legal alguno la escritura otorgada a 10 de abril del año de 1930, por la que los esposos José Avilés y María Brunet vendieron al codemandado Maximino Brunet la casa en litigio que se describe así:

"'.              .         .        .       .       .          .        .          .

"Igualmente declara nula y sin valor ni efecto legal alguno la otra escritura otorgada el 11 de abril del propio año de 1930 por la cual Maximino Brunet aparece donando dicha casa a los codemandados en aquel entonces menores de edad Jesús y Luis Avilés y Brunet, ambas escrituras otorgadas ante el Notario en aquel entonces de esta ciudad Lcdo. Emilio Forestier Gregory, imponiendo las costas, gastos, desembolsos y honorarios de abogado a los demandados.''

Los apelantes señalan siete errores. El primero de ellos ataca la actuación de la corte inferior al declarar sin lugar la moción para eliminar presentada por los demandados. Ellos fundan su contención en la teoría de que ciertos párrafos de la demanda eran redundantes e innecesarios en una acción de nulidad. Ya que resolvemos que la acción en este caso debe ser considerada como una para dejar sin efecto un traspaso fraudulento (y por ende, rescisoria) el primer señalamiento pierde su fuerza. Los párrafos atacados eran bastante adecuados en una demanda para rescindir un traspaso que se alega fué hecho en fraude de acreedores.

■ El segundo señalamiento es el más importante. La cuestión específica envuelta gira en torno a la resolución sobre la excepción previa presentada por los demandados. Ésta contenía tres fundamentos: (*a*) indebida acumulación de partes demandadas, (*b*) ambigüedad e incertidumbre del octavo párrafo de la demanda, y (*c*) falta de hechos para aducir una causa de acción. La corte inferior desestimó todos los fundamentos. Si se considera el verdadero objeto de la acción, todos y cada uno de los adquirentes de la casa eran partes demandadas adecuadas, de no ser partes necesarias. En cuanto al octavo párrafo, especialmente ya que el error no fué bien señalado, resolvemos que es suficientemente claro si se interpreta en relación con otros párrafos de la demanda, especialmente con el cuarto.

■ Consideremos, pues, las alegaciones de la demanda para determinar si son suficientes para establecer una buena causa de acción. Como ya se ha dicho, la acción debe considerarse como una dirigida a dejar sin efecto un traspaso fraudulento.

El segundo párrafo de la demanda establece una deuda de $230 de parte de los esposos demandados Avilés-Brunet. El tercero describe cómo se incorporó esta deuda en un pagaré el 30 de abril de 1930. El cuarto y quinto párrafo relacionan los detalles de la acción entablada en cobro de dicho pagaré, la sentencia que se dictó a favor de José Nine, y cómo dicha sentencia se ejecutó sobre la casa de los demandados y se adjudicó al demandante. El séptimo párrafo identifica a cada uno de los demandados (los actuales apelantes) y describe su parentesco consanguíneo. Además, alega que "dicho Maximino Brunet en 10 de abril del año de 1930 era insolvente y atraía recursos para su subsistencia como barbero que apenas le producía lo bastante para subsistir y que dichos esposos demandados únicamente contaban por todo capital con la descrita casa, así como los indicados menores no poseían bienes ni rentas de especie alguna y dependían para su subsistencia del trabajo de los indicados padres."

En el último párrafo de la demanda el demandante alega que los demandados se confabularon entre sí para evitar el cobro de los $230 que se le debían desde antes de abril de 1930, y que con este fin otorgaron la escritura de venta simulada de los esposos Avilés-Brunet a Maximino Brunet, quien era el hermano de la señora Avilés, por el expresado precio de $800, y que al día siguiente Brunet le regaló la casa a los hijos menores de su vendedor. El demandante termina la alegación diciendo que dichas transacciones hicieron la adjudicación judicial de la casa a su favor completamente nula y sin valor y "en perjuicio del interés y derecho del demandante."

En la súplica se solicita se declaren nulos los traspasos y la donación ya descritos.

En el caso de *Sucesión de Almazán* v. *López et al.,* 20 D.P.R. 537, resolvimos que en una acción de la naturaleza de la presente la demanda debía establecer:

"(*a*) Que el demandado es realmente deudor del demandante; (*b*) que el demandado enajenó sus bienes, en fraude de su acreedor; (*c*) que el demandante ha sido perjudicado por tal enajenación; y (*d*) que el demandante no tiene otro recurso legal para obtener la reparación del perjuicio sufrido, que pedir la rescisión del contrato de enajenación."

El parentesco entre las partes, la insolvencia del deudor o de su adquirente, etc., son todas circunstancias que pueden ser probadas a fin de sostener la naturaleza fraudulenta de las transacciones. Las alegaciones de la demanda que tenemos ante nos suficientemente establecen los requisitos (*a*), (*b*), y (*c*), supra. Es con respecto al requisito (*d*) que surge una seria duda. Es cierto que el demandante afirma que todo el capital de los demandados José Avilés y María Brunet al tiempo de hacerse el traspaso a Maximino Brunet, o sea en abril 10 de 1930, consistía en la casa en cuestión. También alega que por dichos traspasos previos se le quitó todo valor que hubiese podido tener la adjudicación en ejecución de sentencia por $230 que él había obtenido en 1933. ¿Son los

hechos alegados suficientes para demostrar que el demandante "no puede de otro modo cobrar lo que se le debe" conforme exige el artículo 1243 del Código Civil? No se alega expresamente que los deudores, en marzo de 1934, cuando se radicó este pleito, no poseían otros bienes, ni que el demandante no tenía otros medios para cobrar su deuda. La mera dificultad de parte del acreedor no es suficiente.

El caso de *The Texas Co.* v. *Estrada et al.,* 50 D.P.R. 743, contiene una discusión amplia de las alegaciones y evidencia necesarias en una acción rescisoria de esta naturaleza. El caso bajo consideración guarda algunas analogías con el que hemos citado. En ambos se trató de descansar fuertemente en el íntimo parentesco que existía entre el deudor y su adquirente. Aunque, como se dijo en el caso de *The Texas Co.,* ésta es una circunstancia sospechosa que en unión de otras puede considerarse que demuestra la existencia de fraude, ella no es suficiente por sí misma para establecer tal hecho. El caso citado ratifica la regla sentada en el caso de *Almazán,* supra, cuando dice a la página 751:

". . . Para que una acción de la naturaleza de la que se ejercita en este caso pueda prosperar, el demandante, o sea el que alega el fraude, debe probar: . . . (*d*) que no tiene otro recurso legal para poder hacer efectivo su crédito."

Luego de citarse varios casos, se hace la siguiente declaración:

"Ni las alegaciones de la contestación, ni la prueba aducida por The Texas Co. cumplen con los requisitos que hemos enumerado. No se ha hecho alegación alguna, ni se ha presentado evidencia, al efecto de que el demandado careciera de otros bienes sobre los cuales pudiera hacerse efectivo el crédito de la demandante."

Esta última cita es especialmente aplicable a la situación de autos. La evidencia del demandante en forma alguna ha demostrado que los deudores no tengan otros bienes sobre los cuales pueda hacerse efectiva la sentencia del demandante.

Habiendo llegado a la conclusión de que la demanda omite una de las alegaciones esenciales, deficiencia que no ha sido subsanada ni por la contestación ni por la prueba, el resultado inevitable es decidir que el demandante ha dejado de alegar o probar hechos suficientes para aducir una causa de acción. Por consiguiente, la corte inferior erró al declarar sin lugar la excepción previa presentada por dicho fundamento.

Es innecesario discutir los otros señalamientos de error.

*La sentencia de la corte inferior debe ser revocada, con costas, pero sin incluir honorarios de abogado.*

El Juez Asociado Señor De Jesús no intervino.