PEDRO GARCÍA ZARAGOZA y HUMBERTO DEL POZO, demandantes y recurrente el primero, *v.* MANUEL GARCÍA ORTIZ ET AL., demandados y recurridos.

*Número:* 12,248.  *Resuelto:* 29 de septiembre de 1961.

*José Castro Figueroa,* abogado del recurrente Pedro García Zaragoza; *Gregorio Ramos Rivera,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel, como Presidente de Sala, y los Jueces Asociados Señores Serrano Geyls y Rigau.

PER CURIAM: Pedro García Zaragoza obtuvo una sentencia por $2,000.00 en 17 de diciembre de 1953, contra Manuel García Ortiz, en una acción de daños y perjuicios provenientes de un accidente de automóviles ocurrido en 7 de junio de 1952, habiéndose instado la acción en octubre del mismo año.

Por escritura pública otorgada el 16 de mayo de 1953, Manuel García Ortiz y su esposa vendieron a la cuñada de aquél, Luisa Leduc de Rivera, una finca urbana ubicada en el barrio Monacillos de Río Piedras, inscribiéndose la venta en el Registro de la Propiedad.

En 8 de marzo de 1954, Pedro García Zaragoza instó demanda ante el Tribunal Superior contra Manuel García Ortiz y su esposa Lina V. Leduc, como vendedores y contra

Luisa Leduc y su esposo Eduardo Rivera González, como compradores, solicitando la nulidad y rescisión del contrato de compraventa de la finca antes mencionada porque según alegaba en el mismo no medió causa y fue celebrado en fraude de acreedores. Esta demanda fue anotada en el Registro de la Propiedad.

En 4 de julio de 1954 y en virtud de escritura pública, Luisa Leduc y su esposo Eduardo Rivera González vendieron la indicada finca a Humberto del Pozo por precio de $2,200 que fue satisfecho por el comprador en dinero efectivo y la cesión de un crédito hipotecario que tenía a su favor.

En agosto de 1954, el comprador Humberto del Pozo dedujo demanda contra los vendedores esposos Rivera Leduc y Manuel García Ortiz, dirigida a rescindir el contrato en vista de que la finca estaba afecta a un aviso de demanda—la presentada por Pedro García Zaragoza—sin que el comprador hubiera tenido conocimiento de ello, ni se mencionara en el contrato de compraventa.

Ambos pleitos fueron consolidados y después de un juicio en los méritos el Tribunal Superior dictó sentencia desestimando ambas demandas.

Ante nos recurrió únicamente el demandante Pedro García Zaragoza. Señala una serie de errores que no fueron cometidos.

Aunque el Tribunal Superior concluyó que en el contrato de venta celebrado entre Manuel García Ortiz y Luisa Leduc no medió la causa expuesta en el mismo—precio que confesaron los vendedores haber recibido de la compradora—ello de por sí no es suficiente para que prosperara la acción del demandante-recurrente. Ni las alegaciones de la demanda, ni la prueba presentada durante el juicio, establecen el hecho de que para la fecha del traspaso a Luisa Leduc, el dueño de la finca era insolvente o que no tenía otros bienes de donde el acreedor demandante pudiera cobrar su crédito. Correspondía a dicho acreedor alegar y probar, entre otras cosas,

que el demandante no tiene otro recurso legal para obtener la reparación del perjuicio sufrido, que pedir la rescisión del contrato de enajenación. En esto falló el recurrente y así lo resolvió correctamente el tribunal de instancia. A falta de ese requisito no podía prosperar su acción. *Morales* v. *Arce,* 18 D.P.R. 545; *Sucn. de Almazán* v. *López et al.,* 20 D.P.R. 537; *González* v. *López Quiñones,* 46 D.P.R. 843; *The Texas Co.* v. *Estrada et al.,* 50 D.P.R. 743; *Nine* v. *Avilés,* 53 D.P.R. 494.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Humacao, en 19 de septiembre de 1956.*